Rex, J.
The questions arising in this case are:
1. Whether the report of the jury was such a report as they had the power to make under the provisions of section 7 of the original act ? and
2. Whether the probate judge had the power to set aside the report of the jury, and again submit the cause to a jury impaneled and summoned in the manner provided for in section 6 of the original act ?
Of these questions in their order.
1. Under the acts referred to, the findings and decision of a board of county commissioners, locating and establishing a ditch, relate to the ditch as an entirety, and not to any particular part of it. An appeal from their decision carries up the whole of their proceedings for review by a jury in the Probate Court.
Section 7 of the original act requires the jury, in reviewing the proceedings of the commissioners, to view the premises along the route of such proposed ditch, and report whether it will be conducive to the public health and welfare to .cause said ditch to be established.
In prescribing the duties of the jury, the act limits them *438 to the ditch established by the commissioners as a whole, and does not authorize them to report as to the effect upon the public health and welfare of a part of the proposed ditch.
A report of a jury, which does not state what the effect of the establishment of the ditch, as located and established by the commissioners, will be up®n the public health and welfare, does not conform to the statute, and is therefore insufficient.
2. Although the act relating to ditches does not authorize the Probate Court to compel the attendance of jurors, nor to set aside the venire and cause a new jury to be summoned, if the jurors summoned ai’e interested, or from any cause fail to attend, yet it must be conceded that the court may, of right, without any express provision in the statute authorizing it, exercise these and all other powers necessary to secure a speedy and impartial trial of all cases-pending therein.
The power to impanel a jury for the trial of a cause carries with it the powrer to set aside the verdict of the jury, if it be contrary to law or against the evidence, and to again submit the cause to a new jury for trial.
In this case, the jury having failed to report as required by the statute, the motion of the defendant ought to have been sustained, and the cause submitted to a new jury, with proper instructions as to their duty under the acts named.
We are therefore of opinion that the judgment of the' Court of Common Pleas reversing the judgment of the Probate Court, and remanding the cause for further proceedings, was properly affirmed by the District Court.

Leave refused.

Welch, C. J., White, Gilmore, and McIlvaine, JJ., concurred.